could be filed. The defendants had no right to do so afterward. The policy of the statute seems to be that parties desiring to remove causes must do so at the earliest period at which the cause could be tried, or they cannot avail themselves of the provisions for removal. In this case the petition and bond having been filed on the 24th of February, the defendant thus early availing himself of the privilege, the limit of the time to file the record in this court commenced to run at that date, and the defendant cannot postpone the filing in this court beyond the time fixed by the statute. Parties seeking removal must be careful to have the petition and bond in legal form, and in compliance with the statute, when first filed, but if not, they must perfect them within the time prescribed by the statute for such filing. The subsequent amendment of the bond and the order of the court for removal at the May term do not change the time at which the petition and bond are required to be filed, so as to allow the limitation to commence to run at that time in reference to the time of filing the record in this court.

The motion is sustained and the case dismissed.

———

WILCUTT (WALCOTT v.). See Case No. 17,053.

———

## Case No. 17,644.

### Ex parte WILD.

[The case reported under above title in 12 Blatchf. 42, is the same as Case No. 4,173.]

———

## Case No. 17,645.

### In re WILD.

[11 Blatchf. 243;[1] 1 Thomp. Nat. Bank Cas. 246; 8 Alb. Law J. 235; 10 N. B. R. 568.]

Circuit Court, S. D. New York. Aug. 12, 1873.

USURY BY NATIONAL BANK—STATE LAWS.

A national bank, located in the city of New York, made a loan there to a corporation, which, if it had been made to an individual, would have been usurious, under the law of New York, as a loan at a rate exceeding the rate of 7 per centum per annum, so that the securities taken for the loan would have been void. A statute of New York forbids a corporation to interpose the defence of usury. The effect of such statute, as construed by the highest court of the state, is, that the rate of interest which a corporation may pay is not fixed or limited. The 30th section of the national banking act of June 3, 1864 (13 Stat. 108), provides, that, when no rate of interest is fixed by the laws of a state, a national bank may charge a rate not exceeding 7 per centum, and that if it charges more, the entire interest shall be forfeited. *Held*, that the interest on the loan in question was forfeited.

[Cited in brief in Moniteau Nat. Bank v. Miller, 73 Mo. 189; National Bank of Auburn v. Lewis, 75 N. Y. 523; Peterborough Nat. Bank v. Childs, 133 Mass. 250.]

[Appeal from the district court of the United States for the Southern district of New York.

[The receiver of the Ocean National Bank claimed to be admitted as a creditor of the bankrupt, upon indorsements by him upon promissory notes of the Portage Lake & Lake Superior Ship Canal Company, a Michigan corporation. The assignee of the bankrupt resisted the claim, on the ground that the notes were usuriously discounted by the bank for the canal company. The claimant objected that this defense was not open to the bankrupt, under chapter 172 of the session laws of New York for 1850 (page 334), as expounded in Rosa v. Butterfield, 33 N. Y. 665, and Belmont Branch Bank v. Hoge, 35 N. Y. 65. The district court decreed in favor of the claimant, and admitted him as a creditor. (Case unreported.) The assignee of the bankrupt and also the bankrupt appealed to this court.][2]

Everett P. Wheeler and Francis S. Silvester, for assignee.

Francis N. Bangs, for receiver.

WOODRUFF, Circuit Judge. On the 13th of February, 1871, the bankrupt, Alfred Wild, without consideration, and as mere surety, became the endorser of two promissory notes made by the Portage Lake and Lake Superior Canal Company, one for $73,902.51, and the other for $35,111.49, which, on that day, were delivered to the Ocean National Bank, and were made payable with interest. These notes were given in renewal of a number of other notes then unpaid, which had been also given in renewal of prior notes held by the bank, and which were taken from the canal company for a loan of two sums of $75,000 each, made on and after the 7th of January, 1867, by the said bank. One of the sums was agreed, on the 5th of January aforesaid, to be loaned in form to the said canal company, and the other was at the same time agreed to be loaned to P. J. Avery, but is proved by the testimony, and was found by the referee in the district court, to have been in fact for the benefit of the canal company, who, in the accounts kept of the transaction, was treated as the actual debtor for both amounts. The reason assigned for giving to the transaction the form of two loans, one to the canal company and the other to P. J. Avery, was, that the national banking law prohibits an indebtedness by any one party, as borrower, to associations formed thereunder, to an amount greater than one-tenth of the capital of the association making the loan.

There is inconsistency, in permitting the bank, or its receiver, to make such a transaction, and avoid the charge of violating the banking act, by making it a loan in part to Avery, and in part only to the canal company, and, on the other hand, to avoid the

———

[1] [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]

[2] [From 10 N. B. R. 568.]